# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| **ANTWYN GIBBS,** )<br>　　　　**Plaintiff,** )<br>　　　　　　　　　　　　　　　　)<br>**v.** 　　　　　　　　　　　　　　)　　Civil Action No. 2:21-00392<br>　　　　　　　　　　　　　　　　)<br>**WARDEN DONALD AMES,** *et al.*,　)<br>　　　　**Defendants.** 　　　　　　　) | |

### O R D E R

On November 17, 2021, Plaintiff, acting *pro se*, filed his Amended Complaint seeking relief for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] (Document No. 31.) Plaintiff names the following as Defendants: (1) Donald Ames, Warden; (2) John Frame; (3) Josh Ward; (4) Ms. Becky, Mental Health Therapist; (5) Sgt. White; (6) Sgt. Bouts; (7) Sgt. Legg; (8) CO II Moles; (9) CO I Reid; (10) CO II Brown; (11) Brenda Ward, Programming; (12) Pam Givings; (13) Lt. Michell; (14) CO II Benitt; (15) Captain Clifford; (16) Wooden; (17) Brad; and (18) CO I McDowell. (Id.) First, Plaintiff alleges that Defendants Ames, Frame, and Ward are violating his constitutional rights by improperly "answering grievances for medical" and telling Plaintiff not to file anymore grievances. (Id., p. 4.) Plaintiff further contends that he "can't exhaust his grievances due to [Defendant] McDowell holding Plaintiff's legal mail by signing Plaintiff's signature." (Id., p. 6.) Plaintiff states that his constitutional rights are further violated because he files grievances and "never gets them back." (Id., p. 8.) Second, Plaintiff alleges Defendants Ames and Frame "train their officers to be untrained in lack of training by beating up Plaintiff" in violation of his Eighth Amendment right. (Id., p. 4.) Plaintiff

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

contends that the correctional officers that beat him up are Sgt. Bouts, Lt. Michell, and CO II Moles. (Id., p. 5.) Plaintiff further alleges that CO Reid and CO Brown sprayed Plaintiff "behind a cell door of Q2 pod 5 for complaining about his store call." (Id.) Plaintiff argues that inmates are not to be sprayed behind a cell door unless the inmate is a danger to himself or others. (Id.) Plaintiff alleges he even though he was "cuff from behind and shackled," Sgt. White used force by dragging Plaintiff. (Id., p. 6.) Third, Plaintiff complains that Defendant McDowell "gave Plaintiff's legal mail without signing off on the legal mail." (Id., p. 4.) Fourth, Plaintiff complains that his "child's mother" is keeping Plaintiff's child from him, and Defendant McDowell "is working with them to keep me in prison." (Id.) Fifth, Plaintiff alleges that Mr. Wooden takes items from Plaintiff's "store call," money, and TV without due process. (Id., p. 5.) Sixth, Plaintiff alleges that he is harassed and threated by MOCC staff, Donald Ames, and John Frame for filing grievances. (Id., p. 6.) Sixth, Plaintiff complains that he is being denied proper medical treatment for "a root that was cracked in his mouth" because Ms. Becky in "Mental Health" claims that Plaintiff has a mental problem. (Id.) Finally, Plaintiff appears to challenge the validity of his underlying criminal conviction. (Id., pp. 7 – 8.) Plaintiff alleges that the "Supreme Court" violated his constitutional rights by failing to allow Plaintiff to present an oral argument "about the cumulative error of the cell phone that was used in Plaintiff's trial" and the use of "illegal evidence that was used in Plaintiff's trial." (Id., p. 7.) Plaintiff claims that it was a violation of his "constitutional rights that he went to trial with his co-defendant, Kevin Goodman." (Id.) Plaintiff argues that his Sixth Amendment right to counsel was violated when he was "illegal extradited from South Carolina." (Id.) Plaintiff alleges that prosecutor withheld "exculpatory evidence of the government warrant to use against Plaintiff at a supplemental hearing." (Id.)

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); <u>also see</u> <u>Randolph v. Campbell</u>, 25 Fed.Appx. 261 (6th Cir. 2001)("Screening procedures established by the Prison Litigation Reform Act apply whether plaintiff has paid the entire filing fee or is proceeding in forma pauperis"). At this preliminary stage, the undersigned finds that Plaintiff potentially states a viable claim under Section 1983. Viewing the allegations contained in Plaintiff's Complaint liberally as the Court must, the Court finds that Plaintiff has made ample allegations of unconstitutional conduct against Defendants Ames, Frame, Bout, Mitchell, Moles, Reid, Brown, White, Mental Health Therapist Becky, and Wooden. Specifically, Plaintiff alleges (1) Defendants Ames, Frame, Bout, Mitchell, Moles, Reid, Brown, and White subjected Pliantiff to excessive force in violation of the Eighth Amendment; (2) Defendant Mental Health Therapist Becky subjected Plaintiff to deliberate indifference in violation of the Eighth Amendment; and (3) Defendant Wooden denied Plaintiff due process regarding the taking of his personal property. To the extent Plaintiff alleges additional claims, the undersigned has this day entered Proposed Findings and Recommendation that such claims be dismissed.

Accordingly, the Clerk is **ORDERED** to issue process in this case by preparing and serving a Summons and a copy of Plaintiff's Amended Complaint (Document No. 31) upon Defendants Ames, Frame, Bout, Mitchell, Moles, Reid, Brown, White, Mental Health Therapist Becky, and Wooden as specified in Rule 4 of the Federal Rules of Civil Procedure.

The Clerk is directed to mail a copy of this Order to Plaintiff, who is acting *pro se*.

ENTER: February 2, 2022.

Omar J. Aboulhosn
United States Magistrate Judge