IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| ANTWYN GIBBS, | ) |
| | ) |
|       **Plaintiff,** | ) |
| v. | )    **Civil Action No. 2:21-00392** |
| | ) |
| WARDEN DONALD AMES, *et al.*, | ) |
| | ) |
|       **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On November 17, 2021, Plaintiff, acting *pro se*, filed his Amended Complaint seeking relief for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] (Document No. 31.) Plaintiff names the following as Defendants: (1) Donald Ames, Warden; (2) John Frame; (3) Josh Ward; (4) Ms. Becky, Mental Health Therapist; (5) Sgt. White; (6) Sgt. Bouts; (7) Sgt. Legg; (8) CO II Moles; (9) CO I Reid; (10) CO II Brown; (11) Brenda Ward, Programming; (12) Pam Givings; (13) Lt. Michell; (14) CO II Benitt; (15) Captain Clifford; (16) Wooden; (17) Brad; and (18) CO I McDowell. (Id.) First, Plaintiff alleges that Defendants Ames, Frame, and Ward are violating his constitutional rights by improperly "answering grievances for medical" and telling Plaintiff not to file anymore grievances. (Id., p. 4.) Plaintiff further contends that he "can't exhaust his grievances due to [Defendant] McDowell holding Plaintiff's legal mail by signing Plaintiff's signature." (Id., p. 6.) Plaintiff states that his constitutional rights are further violated because he files grievances and "never gets them back." (Id., p. 8.) Second, Plaintiff alleges Defendants Ames

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The undersigned specifically notified Plaintiff that his Amended Complaint would supersede any prior Complaints and Addendums, and there must be one integrated document that would provide the defendants with notice of the claims and allegations against them. (Document Nos. 11, 17, 30.)

and Frame "train their officers to be untrained in lack of training by beating up Plaintiff" in violation of his Eighth Amendment right. (Id., p. 4.) Plaintiff contends that the correctional officers that beat him up are Sgt. Bouts, Lt. Michell, and CO II Moles. (Id., p. 5.) Plaintiff further alleges that CO Reid and CO Brown sprayed Plaintiff "behind a cell door of Q2 pod 5 for complaining about his store call." (Id.) Plaintiff argues that inmates are not to be sprayed behind a cell door unless the inmate is a danger to himself or others. (Id.) Plaintiff alleges he even though he was "cuff from behind and shackled," Sgt. White used force by dragging Plaintiff. (Id., p. 6.) Third, Plaintiff complains that Defendant McDowell "gave Plaintiff's legal mail without signing off on the legal mail." (Id., p. 4.) Fourth, Plaintiff complains that his "child's mother" is keeping Plaintiff's child from him, and Defendant McDowell "is working with them to keep me in prison." (Id.) Fifth, Plaintiff alleges that Mr. Wooden takes items from Plaintiff's "store call," money, and TV without due process. (Id., p. 5.) Sixth, Plaintiff alleges that he is harassed and threated by MOCC staff, Donald Ames, and John Frame for filing grievances. (Id., p. 6.) Sixth, Plaintiff complains that he is being denied proper medical treatment for "a root that was cracked in his mouth" because Ms. Becky in "Mental Health" claims that Plaintiff has a mental problem. (Id.) Finally, Plaintiff appears to challenge the validity of his underlying criminal conviction. (Id., pp. 7 – 8.) Plaintiff alleges that the "Supreme Court" violated his constitutional rights by failing to allow Plaintiff to present an oral argument "about the cumulative error of the cell phone that was used in Plaintiff's trial" and the use of "illegal evidence that was used in Plaintiff's trial." (Id., p. 7.) Plaintiff claims that it was a violation of his "constitutional rights that he went to trial with his co-defendant, Kevin Goodman." (Id.) Plaintiff argues that his Sixth Amendment right to counsel was violated when he was "illegal extradited from South Carolina." (Id.) Plaintiff alleges that prosecutor withheld "exculpatory evidence of the government warrant to use against Plaintiff at a

supplemental hearing." (Id.)

On January 27, 2022, Plaintiff filed a "Motion for Injunctions." (Document No. 37.) Plaintiff appears to allege that his constitutional rights are being violated by Plaintiff's "child's mother" being in danger by verbal threats to Plaintiff from Defendant Frame and other "confidential informants." (Id.) As relief, Plaintiff requests that he be transferred to South Carolina for his criminal case. (Id.)

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## DISCUSSION

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983

provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1.      **Administrative Remedy Process:**

In his Amended Complaint, Plaintiff alleges that Defendants violated his constitutional rights by denying him access to the administrative remedy process. (Document No. 31, p. 4, 6, 8.) Inmates, however, have no constitutional right to access or participation in the administrative grievance proceedings. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir.), cert. denied, 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1994)("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Booker v. South Carolina Dept. of Corrections, 855 F.3d 533 (4th Cir. 2017)("*Adams* establishes a clear rule: inmates have no constitutional entitlement or due process interest in access to a grievance procedure."); Taylor v. Lang, 483 Fed.Appx. 855, 858 (4th Cir. 2012)(finding that a state inmate's access and participation in the prisoner's grievance process are not constitutionally protected); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)("[T]he federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.") A prison employee's refusal to respond to an inmate's administrative complaint, or conduct that otherwise prevents an inmate from pursuing such complaints through the administrative remedy process, making the

5

process unavailable, is not actionable under Section 1983. Rather, the legal consequence of conduct which makes the administrative remedy process unavailable to inmates is that the door to federal Court is open to proceedings on the merits of their claims without requiring their exhaustion of administrative remedies. Accordingly, the undersigned finds that Plaintiff's claim that Defendants violated his constitutional rights by rendering the administrative remedy process unavailable should be dismissed for failure to state claim.

**2.     Eighth Amendment:**

The undersigned views Plaintiff's Amended Complaint as setting forth claims under the Eighth Amendment. As a general matter, punishments prohibited under the Eighth Amendment include those that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v. Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v.

Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991); also see King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993))("[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'"); Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008)(explaining that the above requirements "spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'") To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). To demonstrate an "extreme deprivation," a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." Odom v. South Caroline Dept. of Corrections, 349 F.3d 765, 770 (4th Cir. 2003); also see Wilson v. Seiter, 501 U.S. at 298, 111 S.Ct. at 2321(A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of

7

the minimal civilized measure of life's necessities."); White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") To satisfy the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health and safety by defendants. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case must therefore allege and establish that each Defendant was aware of the excessive risk to Plaintiff's health or safety and each Defendant disregarded that risk.

    **(a)**     *Verbal Threats.*

Plaintiff appears to contend that MOCC staff, Donald Ames, and John Frame violated his constitutional rights by verbally harassing and threating him. (Document No. 31, p. 6.) Assuming Plaintiff's allegations of verbal harassment and threats as true, Plaintiff has failed to state a constitutional claim. First, Plaintiff fails to allege that he was incarcerated under conditions imposing a substantial risk of serious harm. Second, Plaintiff fails to allege facts sufficient to satisfy the subjective component of deliberate indifference. To satisfy the subjective component, Plaintiff must allege that each Defendant was consciousness of the risk of harm to him. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. Plaintiff, however, fails to allege that each Defendant knew of and disregarded an excessive risk to his health or safety. Furthermore, Plaintiff does not indicate that he suffered any serious injury as a result of Defendants' alleged verbal abuse or harassment. The verbal harassment or abuse of an inmate by prison guards, without more, is insufficient to state a constitutional deprivation. Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir.

1987); also see Lindsey v. O'Connor, 2009 WL 1316087, at * 1 (3rd Cir. (Pa.))(holding that "[v]erbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment"); Purcell v. Coughlin, 790 F.2d 263, 265 (2nd Cir. 1986)(stating that name-calling does not rise to the level of a constitutional violation); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(finding that a sheriff's threats to hang a prisoner were insufficient to state a constitutional deprivation). Based on the foregoing, the undersigned finds that Plaintiff's above allegations fail to state a cognizable claim under the Eighth Amendment for which relief can be granted.

 **(b)**   ***Deliberate Indifference Regarding Medical Care:***

In his Amended Complaint, Plaintiff complains that he is being denied proper medical treatment for "a root that was cracked in his mouth" because Ms. Becky in "Mental Health" claims that Plaintiff has a mental problem. (Document No. 31, p. 6.) Liberally construing Plaintiff's Complaint, the undersigned concludes that Plaintiff has alleged a facially plausible claim under the Eighth Amendment. By separate Order entered this day, the undersigned has directed the Clerk to issue process upon Mental Health Therapist Becky concerning the foregoing claim.

 **(c)**   ***Excessive Force:***

In his Amended Complaint, Plaintiff contends that Defendants Ames, Frame, Bouts, Michell, and Moles used excessive force by "beating" Plaintiff in violation of his Eighth Amendment right. (Document No. 31, pp. 4 - 5.) Plaintiff further alleges that CO Reid and CO Brown sprayed Plaintiff "behind a cell door of Q2 pod 5 for complaining about his store call." (Id., p. 5) Plaintiff argues that inmates are not to be sprayed behind a cell door unless the inmate is a danger to himself or others. (Id.) Finally, Pliantiff alleges that Sgt. White used excessive force by dragging while he was "cuff from behind and shackled." (Id., p. 6.) Liberally construing Plaintiff's claims, the undersigned finds that Plaintiff has adequately alleged a of claim unnecessary and

9

excessive force in violation of his Eighth Amendment rights. By separate Order entered this day, the undersigned has directed the Clerk to issue process upon Defendants Ames, Frame, Bout, Mitchell, Moles, Reid, Brown, and White concerning the foregoing claim.

3. **Due Process:**

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Although an authorized, intentional deprivation of property is actionable under Due Process Clause, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Furthermore, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Liberally construing Plaintiff's claims, the undersigned finds that Plaintiff has adequately alleged a due process claim under the Fourteenth Amendment. Plaintiff alleges that Mr. Wooden takes items from Plaintiff's "store call," money, and TV without due process. (Document No. 31, p. 5.) By separate Order entered this day, the undersigned has undersigned has directed the Clerk to issue process upon Defendant Wooden concerning the foregoing claim.

4. **Heck:**

To the extent Plaintiff is alleging that his constitutional rights were violated during the course of his State criminal proceedings, the undersigned will consider his claims. Plaintiff first challenges the validity of his underlying criminal conviction by arguing that the "Supreme Court"

violated his constitutional rights by failing to allow Plaintiff to present an oral argument "about the cumulative error of the cell phone that was used in Plaintiff's trial" and the use of "illegal evidence that was used in Plaintiff's trial." (Document No. 31, p. 7.) Next, Plaintiff claims that it was a violation of his "constitutional rights that he went to trial with his co-defendant, Kevin Goodman." (Id.) Third, Plaintiff argues that his Sixth Amendment right to counsel was violated when he was "illegal extradited from South Carolina." (Id.) Finally, Plaintiff alleges that prosecutor withheld "exculpatory evidence of the government warrant to use against Plaintiff at a supplemental hearing." (Id.)

Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying that his conviction and sentence are invalid. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff does not indicate that he has been successful in a direct appeal or in *habeas* proceedings. Additionally, the record before the Court does not indicate that Plaintiff has been successful in *habeas* proceedings. See Civil Actions No. 2:20-00370 and 2:21-00577. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his

11

criminal conviction or sentence has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that the above claims be dismissed.

**5:** **Legal Mail:**

The First Amendment governs a prisoner's rights concerning inmate mail. Restrictions on inmate mail, however, may be justified in furtherance of substantial governmental interest of security, order, or rehabilitation. See Procunier v. Martinez, 416 U.S. 396, 413-14, n. 14, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1997), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 404, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989). To state a claim based on the non-delivery or delay of legal mail, a prisoner must "provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts." White v. White, 886 F.2d 721, 723 (4th Cir. 1989). The prisoner must demonstrate some actual injury or prejudice caused by the alleged denial of meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 351-52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Actual injury must be more than theoretical deficiencies, the prisoner must show that the alleged deficiencies have hindered or are hindering his efforts to pursue a legal claim. Id.

In the instant case, Plaintiff complains that Defendant McDowell "gave Plaintiff's legal mail without signing off on the legal mail." (Document No. 31, p. 4.) The foregoing, however, fails to state a claim because Plaintiff has not demonstrated that the alleged misconduct or interference with his legal mail caused him to suffer an actual injury or prejudice. Plaintiff does not allege any adverse consequences that he suffered because Defendant McDowell gave "Pliantiff's legal mail without signing off on the legal mail." Accordingly, the undersigned respectfully recommends that the above claim be dismissed.

**6.     Insufficient Allegations:**

Finally, Plaintiff complains that his "child's mother" is keeping Plaintiff's child from him, and Defendant McDowell "is working with them to keep me in prison." (Document No. 31, p. 4.) Although this Court must liberally construe Plaintiff's allegations, the Court "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F.Supp.2d 766, 776 (E.D.N.C. 2011); also see Giarratano v. Johnson, 521 F.3d 298, 304, n. 5. (4th Cir. 2008). A party must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012)("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."); Nancy v. Kelly, 912 F.2d 605, 607 (2nd Cir. 1990)(Although the standards for screening pursuant to Section 1915(d) and a Rule 12(b)(6) motion may be the same, a Court should look with "a far more forgiving eye" when examining whether a complaint rests on a meritless legal theory.) "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)(citing Twombly, 550 U.S. at 557, 127 S.Ct. 1955)(internal quotations omitted). Plaintiff's above naked assertion of wrongdoing does not set forth sufficient factual information for this Court to determine whether some recognized legal theory exists upon relief could be granted. See Minone v. McGrath, 435 F.Supp.2d 266 (S.D.N.Y. 2006)("Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader.")

Accordingly, the undersigned respectfully recommends that Plaintiff's above claim be dismissed.[2]

### 7. **Motion for Injunctions:**

Finally, the undersigned will consider Plaintiff's "Motion for Injunctions." (Document No. 37.) The undersigned notes that Plaintiff's Motion is rambling, and difficult to comprehend, but Plaintiff appears to allege that his constitutional rights are being violated by Plaintiff's "child's mother" being in danger by verbal threats to Plaintiff from Defendant Frame and other "confidential informants." (Id.) As relief, Plaintiff requests that he be transferred to South Carolina for his criminal case. (Id.)

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed.R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of

---

[2] The undersigned notes that Plaintiff's filings are largely incoherent, rambling, and difficult to comprehend. It is very difficult to decipher Plaintiff's exact claims. Although this Court must liberally construe *pro se* filings, the Court is not required to make arguments on behalf of Plaintiff. This Court provided Plaintiff instructions and guidance on how to file his claim in order to avoid dismissal and Plaintiff failed to take advantage of such guidance. (*See* Document Nos. 11, 17, 30.)

14

>preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction *must* establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)(emphasis added). [A]ll four requirements must be satisfied." The Real Truth About Obama, Inc. v. Federal Election Commission., 575 F.3d 342, 346 (4th Cir. 2009), *judgment vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010).[3] The Fourth Circuit has explains that "[b]ecause a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." Id. Furthermore, the Supreme Court "rejected a standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was 'inconsistent with our characterization of injunctive relief as an extraordinary remedy that may be awarded upon a clear showing that the plaintiff is entitled to such relief." Id.(citing Winters, 55 U.S. at 22, 129 S.Ct. at 375-76.) Thus, a Court may not issue a preliminary injunction or temporary restraining order "simply to eliminate a possibility of a remote future injury." Kates v. Packer, 2014 WL 1218905, * 3 (M.D.Pa. March 24, 2014)(quoting Holiday Inns of America, Inc. v. B&B Corp., 409 F.2d 614, 618 *3rd Cir. 1969)("The requisite for injunctive relief has been characterized as a 'clear showing of immediate

---

[3] The United States Supreme Court vacated the original decision in *Real Truth* for further consideration in light of *Citizens United v. Federal Election Commission*, 558 U.S. 310, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010). *The Real Truth About Obama, Inc. v. Federal Election Commission*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). The Fourth Circuit, however, reissued its opinion on Parts I and II of its opinion. *The Real Truth About Obama, Inc. v. Federal Election Commission*, 607 F.3d 355 (4th Cir. 2010).

irreparable injury,' or a 'presently existing actual threat.'"). The irreparable harm alleged by movant must be "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991), *abrogation recognized on other grounds*, Sarsour v. Trump, 245 F.Supp.3d 719, n. 6 (4th Cir. 2017); also see Kates, 2014 WL 1218905 at * 3(The irreparable harm must be "actual and imminent, not merely speculative.") As the Fourth Circuit has explained, the Court is no longer required to balance the irreparable harm to the respective parties. Real Truth, 575 F.3d at 347. Rather the movant must make a clear showing that he is likely to be irreparably harmed, and the Court must "pay *particular regard* for the public consequences in employing the extraordinary remedies of an injunction." Id.(citations omitted).

For the reasons fully explained above, the undersigned has recommended that Plaintiff's Amended Complaint be dismissed as to Plaintiff's claim that (1) Defendants are violating his constitutional rights by subjecting him to verbal threats or harassment, and (2) his constitutional rights were violated during the course of his State court criminal proceedings. Accordingly, the undersigned finds that Plaintiff's request for injunctive relief should be denied as he cannot establish that he is likely to succeed on the merits of these claims.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Amended Complaint (Document No. 31) as to his claim that (1) Defendants violated his constitutional rights by denying him access to the administrative remedy process; (2) Defendants violated his Eighth Amendment rights by verbally harassing and threating him; (3) Defendants violated his constitutional rights during the course of his State court criminal proceedings; (4)

Defendants violated his First Amendment rights concerning his legal mail; and (5) Plaintiff's complaint that his "child's mother" is keeping Plaintiff's child from him, and Defendant McDowell "is working with them to keep me in prison," **DENY** Plaintiff's "Motion for Injunctions" (Document No. 37), and **REFER** this matter back to the undersigned for further proceedings on Plaintiff's claim of that (1) Defendants Ames, Frame, Bouts, Michell, Moles, Reid, Brown, and White subjected Pliantiff to excessive force in violation of the Eighth Amendment; (2) Defendant Mental Health Therapist Becky subjected Plaintiff to deliberate indifference in violation of the Eighth Amendment; and (3) Defendant Wooden denied Plaintiff due process regarding the taking of his personal property.[4]

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d

---

[4] By separate Order entered this day, the undersigned has directed the Clerk to issue process as to Plaintiff's deliberate indifference, excessive force, and due process claims.

91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: February 2, 2022.

Omar J. Aboulhosn
United States Magistrate Judge