IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ANTWYN GIBBS,

        Plaintiff,

v.                                    CIVIL ACTION NO.   2:21-cv-00392

WARDEN DONALD AMES, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On November 17, 2021, the Plaintiff, acting *pro* se, filed his now operative *Amended Complaint* (Document 31), wherein he alleged a wide array of constitutional violations. On January 27, 2022, he filed a *Motion for Injunctions* (Document 37), wherein he seemingly alleged violations of his constitutional rights due to his child's mother being in danger as a result of threats made against him by a defendant and confidential informants.

Previously, by *Administrative Order* (Document 3) filed on July 11, 2021, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.   On February 2, 2022, the Magistrate Judge filed *Proposed Findings & Recommendations* (Document 39) recommending that the Court dismiss some of the Plaintiff's claims, deny the Plaintiff's "Motion for Injunctions," and refer several of the claims to the Magistrate Judge for further proceedings.   The Plaintiff timely filed a document titled *Objection* (Document 41).   For the reasons stated herein, the Court finds that the objections should be overruled, and the PF&R should be adopted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth in detail the procedural and factual history surrounding the Plaintiff's petition and the resulting proceedings.   The Court now incorporates by reference those facts and procedural history and provides the following summary for context.   The Plaintiff, Antwyn Gibbs, is currently an inmate at Mount Olive Correctional Complex.   In his *Amended Complaint*, he raises numerous grievances against a number of defendants, alleging violations of multiple constitutional rights.   These complaints include: (1) a series of complaints around the grievance process, arguing that multiple defendants violated his rights by improperly answering some grievances, interfering with his legal mail, and failing to reply to additional filed grievances; (2) alleged violations of his Eighth Amendment rights through multiple specific instances of inappropriate and excessive force, and that these violations stemmed from officers who had been trained "to be untrained in lack of training," (Document 31, p. 4); (3) alleged improper handling of his legal mail; (4) alleged conspiracy between a defendant and his child's mother to keep his child from him and keep him in prison; (5) alleged improper deprivation of personal property without due process; (6) alleged harassment and retaliation for filing grievances; (7) alleged denial of proper medical care; and (8) a series of complaints regarding his underlying conviction and alleged improper conduct throughout his state criminal trial.

Prior to the Magistrate Judge issuing a PF&R, the Plaintiff filed a document entitled "Motion for Injunctions" which seemingly alleged numerous constitutional violations and that his child's mother was in danger due to threats from a defendant and confidential informants. The Plaintiff now seeks a range of relief from this Court for the violations.

**STANDARD OF REVIEW**

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

**DISCUSSION**

At the outset, the Court notes that the Plaintiff filed a document titled "Objections" but did not specifically articulate any specific objections or questions regarding the Magistrate Judge's *Proposed Findings and Recommendations.*   Instead, he restated many of the same arguments he had previously raised without any reference to the PF&R at all, and raised new arguments not contained in his *Amended Complaint.*    In the interest of construing pro se filings as liberally as possible, the Court will attempt to address some of the general allegations the Plaintiff seems to maintain in response to the PF&R.[1]

As the Magistrate Judge detailed, 42 U.S.C. § 1983 provides the remedy for the alleged violations of the Plaintiff's constitutional rights by someone acting under color of State law.

---

1 As Magistrate Judge Aboulhosn properly noted, because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and, therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21(1972).   The Court notes that both the *Amended Complaint* and *Objections* are quite difficult to precisely comprehend, however, the Court will seek to address the arguments as it understands them.

Accordingly, it is the appropriate vehicle under which the Plaintiff's allegations of constitutional violations should be considered. The objections raised seemingly fall into four categories: (1) interference with the Plaintiff's legal mail; (2) complaints regarding the grievance process; (3) complaints about alleged familial interference; and (4) additional objections unrelated to the claims recommended for dismissal in the PF&R.   As discussed herein, the complaints reasserted about the issues recommended for dismissal lack merit and should be overruled.

### A.   Legal Mail

The Plaintiff appears to object to the conclusion that his allegations fail to state a claim regarding purported improper handling of his legal mail.   In the *Amended Complaint*, the Plaintiff seems to allege a constitutional violation because a defendant "gave Plaintiff's legal mail without signing off on the legal mail." (Document 31, p.4).   In the objection, he also seems to allege that some of his mail has gone missing or been improperly read by prison officials.   Taken together and given a liberal reading, he appears to argue that this conduct has deprived him of meaningful access to the Court. To the extent he has raised such a claim, the allegations fall short of the requisite adverse consequences required for relief.

A legal mail policy that burdens the First Amendment rights of an inmate is not inherently unconstitutional. "[I]mprisonment does not automatically deprive a prisoner of certain constitutional protections, including those of the First Amendment. But at the same time the Constitution sometimes permits greater restriction of such rights in a prison than it would allow elsewhere." *Beard v. Banks*, 548 U.S. 521, 528 (2006) (citations omitted).   The operative question rests on whether the restriction is "reasonably related to legitimate penological interests." *Turner*

*v. Safley*, 482 U.S. 78, 89 (1987).   The Plaintiff's complaints about officials interfering with the free flow of legal mail does not inherently state a claim of a constitutional violation.

Instead, in determining whether the alleged delay, improper handling, or interference with legal mail rises to a constitutional violation, an inmate must be able to articulate how this conduct has "deprived him of meaningful access to the courts." *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989).   The applicable law requires that such a deprivation must be more than theoretical. Rather, the Plaintiff must be able to articulate an adverse consequence or prejudice hindering his meaningful access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Even under a liberal reading of a pro se filing, a Plaintiff must be able to point to some concrete harm, or hinderance to his ability to pursue a legal claim.   Here, the Plaintiff has not done so.   While he has expressed frustration with the procedures and alleged improper handling, he has not alleged how that conduct has created any concrete harm to implicate his constitutional right to meaningful access to the Court.   Accordingly, the objection must be overruled.

B.   *Grievances Process*

In his objections, the Plaintiff appears to raise many of the previous arguments regarding the grievance process. He appears to allege that he was improperly excluded from the administrative grievance process, or had grievances ignored by prison officials.   As the Magistrate Judge articulated, however, Fourth Circuit precedent has foreclosed such a claim. "[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *see also, Booker v. South Carolina Dept. of Corrs.*, 855 F.3d 533, 541 (4th Cir. 2017).   Thus, denial of

access to an administrative proceeding or failure to answer a grievance does not establish a basis for a claim of a constitutional violation under §1983. This objection must be overruled.

## C. *Familial Interference*

In his objections, the Plaintiff seems to reallege a similar claim about interference with his familial relationships. This includes vague insinuations about harassment his family is facing through multiple defendants and a confidential informant. The Plaintiff appears to argue, as he did in the *Amended Complaint*, that this harassment violates his fundamental rights to maintain family relationships. These allegations are simply too vague and lacking in any specifics to form the basis of a cause of action.[2] To state a claim, a party must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). As the Magistrate Judge properly noted, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Twombly*, 550 U.S. at 557) (internal quotations omitted). Where the allegations "do not permit the court to infer more than the mere possibility of misconduct," the claim has not been adequately stated. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Even under a liberal construction of the *Amended Complaint*, the allegations simply fail to articulate any of the facts which would be required to state a claim. The Plaintiff does not include what the alleged threats or interference was, when the conduct occurred, or what it entailed. The conclusory statements do not

---

2 The Court also notes the great lengths the Magistrate Judge went to ensure the plaintiff had the opportunity to properly plead his claims. The Magistrate Judge granted multiple successive motions to amend the complaint, including specific language encouraging the plaintiff to include *all* claims in one document, and specifically alerting the Plaintiff to the need to include factual allegations with some level of specificity as to how a defendant violated his rights. (Documents 11, 17, and 30). Despite multiple instructions and diligent attempts to guide the Plaintiff acting pro se, the Amended Complaint and subsequent objections still lack the level of specificity necessary to discern any purported constitutional violation.

sufficiently state a plausible claim for relief for the alleged conduct and would not put the Defendants on notice as to the claim against them. Again, the objection must be overruled.

### D. Additional Objections

In his objections, the Plaintiff also seemingly raises arguments related to other claims against the Defendants. These include arguments regarding Defendants' alleged violations of his Eighth Amendment rights through excessive force, the alleged deliberate indifference in his mental health treatment, and the alleged denial of due process and other violations of his property rights. However, because the PF&R recommends referral of these claims for further proceedings, and adoption of the PF&R preserves them, the Court need not address the contentions at this stage.

Additionally, the Plaintiff raises new factual allegations for the first time in his objections. He appears to allege that some defendants have improperly handled his food and knowingly exposed him to COVID-19. He also seemingly alleges that he has been sexual assaulted by one of the Defendants and has faced racial discrimination. As these allegations are not directly implicated by the PF&R or this opinion, the Court need not address the substance of them at this time. Further, as these issues were never presented before the Magistrate Judge or in any complaint, it would be procedurally inappropriate to analyze them here. Instead, if supported and properly presented, these allegations could form the basis of another action, or an amended complaint (if leave is granted) at a later point in the proceedings.

### CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Objection* (Document 41) be **OVERRULED**, and that the Magistrate Judge's *Proposed Findings and Recommendations* (Document 39) be **ADOPTED**. Specifically, the Court **ORDERS** that the

Defendant's *Amended Complaint* (Document 31) be **DISMISSED** as to his claims that (1) Defendants violated his constitutional rights by denying him access to the administrative remedy process; (2) Defendants violated his Eighth Amendment rights by verbally harassing and threatening him; (3) Defendants violated his constitutional rights during the course of his State court criminal proceedings; (4) Defendants violated his First Amendment rights through conduct around his legal mail; and (5) Plaintiff's complaint that his "child's mother" is keeping his child from him, and that Defendant McDowell "is working with them to keep [him] in prison." The Court **ORDERS** that Plaintiff's *Motion for Injunctions* (Document 37) be **DENIED**.

Further, the Court **ORDERS** that the matter be **REFERRED** to the Magistrate Judge for further proceedings as to the Plaintiff's claims that (1) Defendants Ames, Frame, Bouts, Michell, Moles, Reid, Brown, and White subjected the Plaintiff to excessive force in violation of the Eighth Amendment; (2) Defendant Mental Health Therapist Becky subjected Plaintiff to deliberate indifference in violation of the Eighth Amendment, and (3) Defendant Wooden denied Plaintiff due process regarding the taking of his personal property.[3]

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER:      March 4, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

3 On February 2, 2022, the Magistrate Judge directed the Clerk to issue process as to the Plaintiff's surviving claims for deliberate indifference, excessive force, and due process.  (Document 38).   The Clerk issued summons the same day. (Document 40).