# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

| | |
|---|---|
| ANTWYN GIBBS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 2:21-00392 |
| ) | |
| WARDEN DONALD AMES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Defendant Ames "Motion to Dismiss Plaintiff's Amended Complaint" (Document No. 107), filed on May 30, 2023; and (2) Defendant Frame's "Motion to Dismiss Plaintiff's Amended Complaint" (Document No. 133), filed on June 27, 2023. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendants Ames and Frame's Motions and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendants in moving to dismiss. (Document Nos. 109 and 138.) Plaintiff, however, failed to file a Response to either Motion. Having examined the record and considered the applicable law, the undersigned has concluded that Defendants Ames and Frame's Motions (Document Nos. 107 and 133) should be granted.

## PROCEDURAL BACKGROUND

On November 17, 2021, Plaintiff, acting *pro se*, filed his Amended Complaint seeking relief for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] (Document

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The undersigned specifically notified Plaintiff that his Amended Complaint would supersede any prior

No. 31.) Plaintiff names the following as Defendants: (1) Donald Ames, Warden; (2) John Frame; (3) Josh Ward; (4) Ms. Becky, Mental Health Therapist; (5) Sgt. White; (6) Sgt. Bouts; (7) Sgt. Legg; (8) CO II Moles; (9) CO I Reid; (10) CO II Brown; (11) Brenda Ward, Programming; (12) Pam Givings; (13) Lt. Michell; (14) CO II Benitt; (15) Captain Clifford; (16) Wooden; (17) Brad; and (18) CO I McDowell. (Id.) First, Plaintiff alleges that Defendants Ames, Frame, and Ward are violating his constitutional rights by improperly "answering grievances for medical" and telling Plaintiff not to file anymore grievances. (Id., p. 4.) Plaintiff further contends that he "can't exhaust his grievances due to [Defendant] McDowell holding Plaintiff's legal mail by signing Plaintiff's signature." (Id., p. 6.) Plaintiff states that his constitutional rights are further violated because he files grievances and "never gets them back." (Id., p. 8.) Second, Plaintiff alleges Defendants Ames and Frame "train their officers to be untrained in lack of training by beating up Plaintiff" in violation of his Eighth Amendment right. (Id., p. 4.) Plaintiff contends that the correctional officers that beat him up are Sgt. Bouts, Lt. Michell, and CO II Moles. (Id., p. 5.) Plaintiff further alleges that CO Reid and CO Brown sprayed Plaintiff "behind a cell door of Q2 pod 5 for complaining about his store call." (Id.) Plaintiff argues that inmates are not to be sprayed behind a cell door unless the inmate is a danger to himself or others. (Id.) Plaintiff alleges he even though he was "cuff from behind and shackled," Sgt. White used force by dragging Plaintiff. (Id., p. 6.) Third, Plaintiff complains that Defendant McDowell "gave Plaintiff's legal mail without signing off on the legal mail." (Id., p. 4.) Fourth, Plaintiff complains that his "child's mother" is keeping Plaintiff's child from him, and Defendant McDowell "is working with them to keep me in prison."

---

Complaints and Addendums, and there must be one integrated document that would provide the defendants with notice of the claims and allegations against them. (Document Nos. 11, 17, 30.) The Court granted multiple motions to amend filed by Plaintiff. (*Id.*)

(Id.) Fifth, Plaintiff alleges that Mr. Wooden takes items from Plaintiff's "store call," money, and TV without due process. (Id., p. 5.) Sixth, Plaintiff alleges that he is harassed and threated by MOCC staff, Donald Ames, and John Frame for filing grievances. (Id., p. 6.) Sixth, Plaintiff complains that he is being denied proper medical treatment for "a root that was cracked in his mouth" because Ms. Becky in "Mental Health" claims that Plaintiff has a mental problem. (Id.) Finally, Plaintiff appears to challenge the validity of his underlying criminal conviction. (Id., pp. 7 – 8.) Plaintiff alleges that the "Supreme Court" violated his constitutional rights by failing to allow Plaintiff to present an oral argument "about the cumulative error of the cell phone that was used in Plaintiff's trial" and the use of "illegal evidence that was used in Plaintiff's trial." (Id., p. 7.) Plaintiff claims that it was a violation of his "constitutional rights that he went to trial with his co-defendant, Kevin Goodman." (Id.) Plaintiff argues that his Sixth Amendment right to counsel was violated when he was "illegal extradited from South Carolina." (Id.) Plaintiff alleges that prosecutor withheld "exculpatory evidence of the government warrant to use against Plaintiff at a supplemental hearing." (Id.)

By Proposed Findings and Recommendation ("PF&R") entered on February 2, 2022, the undersigned recommended that the District Court "**DISMISS** Plaintiff's Amended Complaint (Document No. 31) as to his claim that (1) Defendants violated his constitutional rights by denying him access to the administrative remedy process; (2) Defendants violated his Eighth Amendment rights by verbally harassing and threating him; (3) Defendants violated his constitutional rights during the course of his State court criminal proceedings; (4) Defendants violated his First Amendment rights concerning his legal mail; and (5) Plaintiff's complaint that his "child's mother" is keeping Plaintiff's child from him, and Defendant McDowell "is working with them to keep me in prison," **DENY** Plaintiff's "Motion for Injunctions" (Document No. 37), and **REFER** this

matter back for further proceedings on Plaintiff's claim of that (1) Defendants Ames, Frame, [Bowers], [Michell], Moles, [Reedy], Brown, and White subjected Plaintiff to excessive force in violation of the Eighth Amendment; (2) Defendant Mental Health Therapist Becky subjected Plaintiff to deliberate indifference in violation of the Eighth Amendment; and (3) Defendant [Wooten] denied Plaintiff due process regarding the taking of his personal property." (Document No. 39.) By Memorandum Opinion and Order entered on March 4, 2022, Judge Berger adopted the PF&R and referred the matter back for further proceedings. (Document No. 44.) On May 26, 2023, Defendant Mental Health Therapist Becky filed her Answer. (Document No. 106). On May 30, 2023, Defendant Ames filed a "Motion to Dismiss Plaintiff's Amended Complaint" and Memorandum in Support. (Document Nos. 107 and 108.) In support, Defendant Ames argues as follows: (1) "Plaintiff has plead no facts to succeed on a claim of excessive force against Defendant Ames" (Document No. 108, pp. 3 – 4.); (2) "Plaintiff cannot succeed on a § 1983 claim for failure to adequately train against Defendant Ames because Plaintiff has failed to plead sufficient facts to succeed on this claim" (Id., pp. 4 – 5.); (3) "Plaintiff also cannot succeed on a claim premised on vicarious liability" (Id., pp. 5 – 6.); and (4) "Defendant Ames is entitled to qualified immunity as Defendant Ames did not violate any clearly established right belonging to Plaintiff" (Id., pp. 6 – 7.). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 31, 2023, advising him of the right to file a response to the Defendant Ames' Motion to Dismiss by June 30, 2023. (Document No. 109.)

On June 5, 2023, Defendant Wooten filed his Answer. (Document No. 113.) On June 6 and 7, 2023, Plaintiff filed his Objections to Defendant Mental Health Therapist Becky's Answer. (Document Nos. 118 and 120.) On June 27, 2023, Defendant Moles filed his Answer. (Document No. 132.) Also on June 27, 2023, Defendant Frame filed a Motion to Dismiss Amended Complaint

and Memorandum in Support. (Document Nos. 133 and 134.) In support, Defendant Frame argues as follows: (1) "Plaintiff has plead no facts to succeed on a claim of excessive force against Defendant Frame" (Document No. 134, pp. 3 – 4.); (2) "Plaintiff cannot succeed on a § 1983 claim for failure to adequately train against Defendant Frame because Plaintiff has failed to plead sufficient facts to succeed on this claim" (Id., pp. 4 – 5.); (3) "Plaintiff also cannot succeed on a claim premised on vicarious liability" (Id., pp. 5 – 6.); and (4) "Defendant Frame is entitled to qualified immunity as Defendant Frame did not violate any clearly established right belonging to Plaintiff" (Id., pp. 6 – 7.). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on July 5, 2023, advising him of the right to file a response to the Defendant Frame's Motion to Dismiss by August 5, 2023. (Document No. 138.) On July 6, 2023, Defendant Mitchell filed his Answer. (Document No. 139.) On July 17, 2023, Plaintiff filed Additional Document in Support of his Complaint. (Document No. 145.) On July 21, 2023, Defendants Bowers and Brown filed their Answer. (Document No. 146.) On August 28, 2023, Defendant White filed his Answer. (Document No. 148.) On September 8, 2023, the undersigned entered a Scheduling Order setting forth the deadlines of the completion of discovery and the filing of dipositive motions. (Document No. 151.)

## **THE STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where the well-pleaded facts do not permit

5

the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." Id. at 556 U.S. at 679, 129 S.Ct. at 1950. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Virginia Legal Aid Society, Inc.,

807 F.3d 619, 630 (4th Cir. 2015), abrogated in part on other grounds by, Bing v. Brivo System, LLC, 959 F.3d 605, 914-15 (2020).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

### A. **Excessive Force:**

In his Amended Complaint, Plaintiff contends that Defendants Ames and Frame violated his Eighth Amendment rights by "train[ing] their officers to be untrained in lack of training by beating up Plaintiff." (Document No. 31, p. 4.) Liberally construing Plaintiff's claim, he appears to be asserting an excessive force claim against Defendants Ames and Frame. In their Motions, Defendants Ames and Frame argue Plaintiff has plead no facts to succeed on a claim of excessive force against them. (Document Nos. 107, 108, 133, and 134.) Specifically, Defendants Ames and Frame contend that Plaintiff failed to plead any facts that either Defendant exercised force against Plaintiff. (Document No. 108, p. 3 and Document No. 134, p. 3.) Plaintiff failed to file a Response to Defendants Ames and Frame's Motions.

As a general matter, punishments prohibited under the Eighth Amendment include those

7

which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). In the context of prison officials' use of force upon an inmate, the appropriate inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986)(citations omitted); also see Wilkins v. Gaddy, 559 U.S. 34, 130 S.Ct. 1175, 178, 175 L.Ed.2d 995 (2010). To establish a violation of the Eighth Amendment in the context of a challenge to prison officials' use of force, an inmate must allege (1) that the prison officials acted with a "sufficiently culpable state of mind" under a subjective standard and (2) a "sufficiently serious" injury under an objective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323-25, 115 L.Ed.2d 271 (1991); also see Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008).

To establish the subjective component, an inmate must demonstrate that prison officials applied force "maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21, 106 S.Ct. at 1085. In determining whether prison officials acted maliciously and sadistically, the following factors must be balanced: (1) "the need for application of force," (2) "the relationship between that need and the amount of force used," (3) "the threat reasonably perceived by the responsible officials," and (4) "any efforts made to temper the severity of a

forceful response." Iko, 535 F.3d at 239(citing Whitley, 475 U.S. at 321, 106 S.Ct. at 1078). Additionally, the absence of serious injury is relevant to the determination of prison officials' culpable intent, but is not dispositive. Id. Although every "malevolent touch" by a prison guard will not give rise to a federal cause of action, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." See Wilkins, 559 U.S. at 38, 130 S.Ct. at 1179; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992).

Concerning the objective component, the focus is "not on the severity of any injuries inflicted, but rather on 'the nature of the force,' which must be 'nontrivial.'" Wilkins, 559 U.S. at 40, 130 S.Ct. at 1179("The 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"); also see Hill v. Crum, 727 F.3d 312, 321 (4th Cir. 2013)("[T]he nature of the force, rather than the extent of the injury, is the relevant inquiry.") The "absence of serious injury," however, is not irrelevant to the inquiry. Id., 559 U.S. at 37, 130 S.Ct. at 1178(citing Hudson, 503 U.S. at 9, 112 S.Ct. at 995). The extent of an inmate's injury may (1) "suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation," and (2) "provide some indication of the amount of force applied." Id.(citations omitted). 'The Eighth Amendment's prohibition . . . necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of the sort repugnant to the conscience of mankind." Harris v. Salley, 339 Fed.Appx. 281, 284 (4th Cir. 2009), citing Hudson, 503 U.S. at 9 - 10, 112 S.Ct. at 1000. "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins, 559 U.S. at 38, 130 S.Ct. at 1178(citations omitted). The objective

9

component standard, however, is significantly less demanding than required in the context of challenges to conditions of confinement because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9, 112 S.Ct. at 1000 ("This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.") Thus, the objective component is "responsive to contemporary standards of decency." Id.

Liberally construing Plaintiff's Amended Complaint and accepting the factual allegations as true, the Amended Complaint fails to contain sufficient factual allegations to state a plausible excessive force claim against Defendants Ames and Frame. Plaintiff's Amended Complaint is completely void of any factual allegations that either Defendants Ames or Frame used any type of force against Plaintiff. Further, Plaintiff fails to present any factual allegations demonstrating that Defendants Ames and Frame applied force "maliciously and sadistically for the very purpose of causing harm." Accordingly, the undersigned respectfully recommending that Defendants Ames and Frame's Motions (Document Nos. 107 and 133) be granted as to his excessive force claim.

**B.** **Supervisory Liability:**

In his Amended Complaint, Plaintiff contends that Defendants Ames and Frame violated his Eighth Amendment rights by "train[ing] their officers to be untrained in lack of training by beating up Plaintiff." (Document No. 31, p. 4.) Liberally construing Plaintiff's foregoing claim, Plaintiff appears to be asserting a supervisory liability claim. In their Motions, Defendants Ames and Frame argue Plaintiff cannot succeed on a Section 1983 claim for failure to adequately train against Defendants Ames and Frame because Plaintiff has failed to plead sufficient facts to succeed on this claim. (Document Nos. 107, 108, 133, and 134.) Specifically, Defendants Ames and Frame

assert that Plaintiff only alleges in a conclusory manner that Defendants Ames and Frame did not properly train correctional officers. (Document No. 108, p. 5 and Document No. 134, p. 5.) Defendants Ames and Frame further argue that "Plaintiff cannot establish supervisory liability under a theory of *respondent superior*." (Id.) Defendants Ames and Frame argue that Plaintiff makes no allegation that either of the foregoing Defendants had actual or constructive knowledge of the alleged instances of excessive force, makes no allegation that either Defendant responded inadequately, and makes no allegation of a causal link. (Document No. 108, pp. 5 – 6 and Document No. 134, pp. 5 – 6.) Accordingly, Defendants Ames and Frame argue that Plaintiff's supervisory liability and failure to train claim must be dismissed. (Id.) Plaintiff failed to file a Response to Defendants Ames and Frame's Motions.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. * * * Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1936, 1948, 173 L.Ed.2d 868 (2009); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001), cert. denied, 537 U.S. 1045 , 123 S.Ct. 621, 154 L.Ed.2d 517 (2002)("In a Bivens suit there is no *respondeat superior* liability. * * * Instead, liability is personal, based upon each defendant's own constitutional violations." (Citation omitted.)); Monell, supra, 436 U.S. at 694, 98 S.Ct. at 2018("the mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability"). Liability can be premised, however, "on a recognition that supervisory indifference or 'tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984), cert. denied,

470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985). To establish liability under Section 1983 for a supervisory defendant, the plaintiff must establish the following:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Thus, a plaintiff must show "a pervasive and unreasonable risk of harm from some specified source and that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Slakan, 737 F.2d at 373. Evidence of a supervisor's continued inaction in the face of documented widespread abuses provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates. Id. A supervisor's mere knowledge of a subordinate's unconstitutional conduct is not enough. Rather, Section 1983 liability may be imposed upon a supervisor only on the basis of purposeful "violations of his or her supervisory responsibilities." Iqbal, 556 U.S. at 676, 129 S.Ct. at 1949. Thus, the inquiry for the Court is whether the defendant individually "acted wantonly, obdurately, or with deliberate indifference to the pervasive risk of harm." Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir. 1991).

A plaintiff may also proceed under a failure to train theory. See City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)("We hold today that the inadequacy of ... training may serve as the basis for [42 U.S.C.] § 1983 liability ... where the failure to train amounts to deliberate indifference to the rights of persons with whom the [subordinates] ... come into contact."). To impose supervisory liability under Section 1983 for failure to train subordinates,

a plaintiff must plead and prove that: (1) the subordinates actually violated the plaintiff's constitutional or statutory rights; (2) the supervisor failed to train properly the subordinates thus illustrating a "deliberate indifference" to the rights of the persons with whom the subordinates come into contact; and (3) the failure to train actually caused the subordinates to violate the plaintiff's rights. Hubbard v. Byars, 2015 WL 337642, at *12 (D.S.C. Jan. 26, 2015)(quoting Brown v. Mitchell, 308 F.Supp.2d 682, 701 (E.D. Va. 2004)).

Liberally construing Plaintiff's Amended Complaint and accepting the factual allegations as true, the Amended Complaint fails to contain sufficient factual allegations to state a plausible supervisory liability claim against Defendants Ames and Frame. A review of Plaintiff's Amended Complaint reveals that Plaintiff fails to plead a single, non-conclusory fact concerning Defendants Ames or Frame's process of supervising or training subordinates. Instead, Plaintiff's solely states that Defendants Ames and Frame violated his rights by "train[ing] their officers to be untrained in lack of training by beating up Plaintiff." (Document No. 31, p. 4.) The foregoing amounts to nothing more than a conclusory statement. Although insufficient to state a plausible claim, Plaintiff fails to even assert "threadbare recitals of the cause of action's elements." See Iqbal, 556 U.S. at 676, 129 S.Ct. at 1948; also see Pride v. Pierce, 2016 WL 958203, at *5 (E.D.N.C. Mar. 8, 2016)(refusing to allow filing of amended complaint to include claims of negligent hiring, retention, and supervision arising from blanket and factually unfounded assertions). Despite being granted multiple opportunities to amend, Plaintiff has failed to plead sufficient facts to establish a claim against Defendants Ames and Frame. Plaintiff completely fails to plead factual content that allows the Court to draw the reasonable inference that the Defendants Ames and Frame are liable for their alleged misconduct. The undersigned finds it unnecessary to consider Defendants Ames and Frame's remaining argument for dismissal. Accordingly, the undersigned respectfully

recommends that the District Court grant Defendants Ames and Frame's Motions to Dismiss (Document Nos. 107 and 133).

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Defendant Ames "Motion to Dismiss Plaintiff's Amended Complaint" (Document No. 107) and Defendant Frame's "Motion to Dismiss Amended Complaint" (Document No. 133), and **REFER** the matter back to the undersigned for further proceedings concerning the remaining defendants.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 6, 2023.

Omar J. Aboulhosn
United States Magistrate Judge