IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | | |
|---|---|---|
| **ANTWYN GIBBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. 2:21-00392 |
| | ) | |
| **WARDEN DONALD AMES,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## O R D E R

Pending before the Court is Defendants "Motion for Protective Order" (Document No. 180), filed by counsel, Samuel M. Bloom, on December 19, 2023. Specifically, Defendants argue that a protective order is proper because Plaintiff's "discovery requests are untimely under the Scheduling Order." (Id., pp. 2 – 4.) Although Defendants acknowledge that Plaintiff's discovery requests were served before the discovery deadline of January 8, 2024, Defendants assert the requests are untimely because the Scheduling Order requires that "all discovery be **completed** by January 8, 2024." (Id.)(emphasis added). Defendants argue "there is ample authority providing that these requests are untimely as a matter of law." (Id.) Specifically, Defendants contend Plaintiff's discovery requests are untimely because the requests were made in insufficient time to allow Defendants to respond before the discovery deadline. (Id.) Accordingly, Defendants request that this Court grant Defendants a protective order. (Id.)

### RELEVANT LAW

Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, a court is required, on motion or on its own, to limit the frequency and extent of discovery, when: (1) The discovery sought is unreasonably cumulative or duplicative; (2) The discovery can be obtained from some

other source that is more convenient, less burdensome, or less expensive; (3) The party seeking the discovery has already had ample opportunity to collect the requested information by discovery in the action; or (4) The burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C). Additionally, Rule 26(c) provides that a party or person from who discovery is requested may move for a protective order. Fed. R. Civ. P. 26(c)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." Id. For good cause shown, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery." Id.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Thus, "[r]elevance is . . . the foundation for any request for production, regardless of the individual to whom a request is made." Cook v. Howard, 484 Fed.Appx. 802, 812 (4th Cir. 2012). This Rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 355 (D. Md. 2012) (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 523 (D. Md. 2010)). "[I]t remains true that 'relevancy in discovery is broader than relevancy for purposes of admissibility at trial.' " In re: American Medical Systems, Inc. Pelvic Repair Systems Product Liability Litigation, Nos. 2:14-cv-11870, 2:14-cv-28142, 2016 WL 4411506, at *2 (S.D.W. Va.

Aug. 17, 2016) (Eifert, M.J.)(quoting Amick v. Ohio Power Co., No. 2:13-cv-6593, 2013 WL 6670238, at *1 (S.D.W. Va. Dec. 18, 2013)).

As to interrogatories, Rule 33(b)(2) provides that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. Rule 33(b)(2). The Rule further provides that "[a] shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Id. As to requests for production of documents, Rule 34(b)(2)(A) provides that "[t]he party to whom the requests is directed must respond in writing within 30 days after being served …." Fed. R. Civ. P. 34(b)(2)(A). The Rule further provides that "[a] shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Id.

## DISCUSSION

A review of the record reveals that Plaintiff filed interrogatories and requests for production of documents on December 14, 2023. (Document Nos. 165 – 179.) These discovery requests are directed to Defendants and non-party individuals.[1] The undersigned finds that any interrogatory or request for production of documents served upon a non-party is improper. Rules 33 and 34 of the Federal Rules of Civil Procedure provide that such may only be served upon a party to the action. Fed. R. Civ. P. 33(a)(1) and 34(a). To the extent Plaintiff has served non-parties with interrogatories or requests for production of document, a protective order is justified and will be granted. As to the discovery requests served upon the Defendants, Defendants contend a protective order is proper because the requests are untimely. Since Defendants have 30 days to respond to the above discovery requests, Defendants correctly note

---

[1] Although Mr. Bloom files the above Motion on behalf Defendants White, Bowers, Brown, Moles, Mitchell, and Wooten, Mr. Bloom states that "any decision with respect to the discovery served on Defendants is applicable to every other party or non-party attempted to be served by Plaintiff in this matter."

that Plaintiff submitted these discovery requests to Defendants without allowing Defendants sufficient time to respond by the discovery completion deadline of January 8, 2024. Specifically, Plaintiff's discovery requests were not served upon Defendants until twenty-five (25) days before the deadline for completion of discovery. Citing a decision from the Northern District of West Virginia and non-binding authority from the Tenth Circuit and District Courts from the Ninth Circuit, Defendants argue that Plaintiff's discovery requests are untimely because the requests were made in insufficient time to allow Defendants to respond before the discovery deadline. (Id.) Although the undersigned can appreciate the case law cited by Defendants, a review of these decisions reveal that none of these cases pertain to a *pro se* prisoner. The undersigned notes that *pro se* prisoners are often hampered with delays caused by the prison mail system and possible delays caused by the United States Postal Service. Additionally, the Court has authority to expand the deadline for responding to interrogatories and requests for production of documents. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). Finally, Defendant's above Motion fails to "include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." See Fed. R. Civ. P. 26(c)(1).

    Based upon the foregoing, it is hereby **ORDERED** that Defendants' Motion for Protective Order (Document No. 180) is **GRANTED in part and DENIED in part**. To the extent Defendants are requesting a protective order concerning the discovery requests directed to non-parties, the Motion is **GRANTED**. It is **ORDERED** that Plaintiff is forbidden to submit interrogatories or requests for production of documents to non-parties. To the extent Defendants

request a protective order, the Motion is **DENIED**. Defendants shall have until **January 16, 2024**, to respond to Plaintiff's interrogatories and request for production of documents.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties may contest the ruling set forth above on this non-dispositive Motion by filing its objections to same within 14 days with District Judge Irene C. Berger. If objections are filed, the District Judge will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is further directed to send a copy of this Order to Plaintiff, who is acting *pro se*, and counsel of record.

ENTER: December 20, 2023.

Omar J. Aboulhosn
United States Magistrate Judge