# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ANTWYN GIBBS,

            Plaintiff,

v.                                            CIVIL ACTION NO. 2:21-cv-00392

WARDEN DONALD AMES, et al.,

            Defendants.

## MEMORANDUM OPINION AND ORDER

On November 17, 2021, the Plaintiff, acting *pro se*, filed his now operative *Amended Complaint* (Document 31), wherein he alleged a wide array of constitutional violations. By *Administrative Order* (Document 3) entered on July 11, 2021, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for total pretrial management and submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On October 6, 2023, Judge Aboulhosn submitted a *Proposed Findings and Recommendation* (PF&R) (Document 157), recommending that *Defendant Donald Ames' Motion to Dismiss Plaintiff's Amended Complaint* (Document 107) and *Defendant Jonathan Frame's Motion to Dismiss Plaintiff's Amended Complaint* (Document 133) be granted, and that this matter be referred to Judge Aboulhosn for disposition as to the remaining defendants. The Plaintiff timely filed a document titled *Objection* (Document 158). For the reasons stated herein, the Court finds that the objections should be overruled, and the PF&R should be adopted.

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Magistrate Judge Aboulhosn's PF&R sets forth in detail the procedural and factual history surrounding the Plaintiff's petition and the resulting proceedings. The Court incorporates by reference those facts and procedural history and provides the following summary for context. The Plaintiff, Antwyn Gibbs, was an inmate at Mount Olive Correctional Complex during the events underlying this matter.[1] In his *Amended Complaint*, he raises numerous grievances against several defendants, alleging violations of multiple constitutional rights and seeking a range of relief. By Memorandum Opinion and Order entered on March 4, 2022, the Court adopted Magistrate Judge Aboulhosn's prior PF&R and dismissed several of Mr. Gibbs' claims. (Document 44.) The Court referred this matter to Magistrate Judge Aboulhosn for further proceedings as to the remaining claims that (1) Defendants Ames, Frame, Bouts, Michell, Moles, Reid, Brown, and White subjected the Plaintiff to excessive force in violation of the Eighth Amendment, (2) Defendant Mental Health Therapist Becky subjected the Plaintiff to deliberate indifference in violation of the Eighth Amendment, and (3) Defendant Wooden denied the Plaintiff due process regarding the taking of his personal property. Relevant here is the Plaintiff's excessive force claim as to Defendants Donald Ames and John Frame.

Defendants Ames and Frame filed their respective motions to dismiss on May 30 and June 27, 2023. (Documents 107, 133.) Following submission of each motion, Judge Aboulhosn notified the Plaintiff of his right to respond and the corresponding deadline. (Documents 109, 138.) On July 17, 2023, the Plaintiff filed *Additional Documentation* (Document 145) regarding "damages and relief sought" in his complaint. However, he failed to respond to either motion.

---

1 Mr. Gibbs was transferred to Northern Correctional Facility in or around April of 2023. (*See* Document 102.)

**STANDARD OF REVIEW**

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

**DISCUSSION**

The Defendants, Donald Ames and John Frame, each sought dismissal as to the Plaintiff's claims that they violated his Eighth Amendment rights by "train[ing] their officers to be untrained in lack of training by beating up Plaintiff." (Am. Compl. at 4) (Document 31.) Judge Aboulhosn recommended that the motions to dismiss be granted, finding that the Plaintiff failed to plead sufficient facts to state a plausible excessive force claim against Defendant Ames or Frame. He further determined that the Plaintiff failed to plead "a single, non-conclusory fact concerning Defendants Ames or Frame's process of supervising or training subordinates," and thus the Plaintiff also failed to state a plausible excessive force claim against either Defendant under a theory of supervisory liability or failure to train. (PF&R at 13.) (Document 157.)

3

The Plaintiff objects to the PF&R. He appears to argue that the Magistrate Judge erred in finding that he failed to state a claim for excessive force against the Defendants under either theory. Notably, he alleges new facts not contained in his *Amended Complaint*, arguing that, to his knowledge, Defendants Ames and Frame were "allowed to rehire[] Defendants Sgt. White [and] other officers at MOCC that was fire[d] for the use of excessive force on plaintiff [and] other inmates." (Pl.'s Obj. at ¶ 1.) He asserts that "rehiring a Defendant is the same as not properly train[ing] officer[s]" and "[u]nder policy of MOCC no staff official is to rehire[] a[n] official to cause harm." (*Id.* at ¶ 2.) He also contends that the Magistrate Judge "would not allow him to" plead sufficient facts. (*Id.*)

  A. *Motions to Dismiss*

The Court finds that the PF&R accurately summarized the facts and law, and the Plaintiff's objections are without merit. The *Amended Complaint* contains no additional facts sufficient to support the Plaintiff's single, conclusory allegation that Defendants Ames and Frame subjected him to excessive force by failing to supervise or train their subordinates. Thus, he fails to state a claim for excessive force against either Defendant under any theory.

Mr. Gibbs appears to allege, for the first time, that he has met the pleading standards for claims of supervisory liability and failure to train because the Defendants rehired certain subordinate officers who were previously fired for using excessive force against him and other inmates. As this fact was never presented before the Magistrate Judge or in the *Amended Complaint*, it would be procedurally inappropriate to analyze it here in reviewing the motions to dismiss. Nevertheless, the Court finds that even with this addition, the Plaintiff's factual allegations remain insufficient to survive dismissal.

As Judge Aboulhosn noted, to establish liability under Section 1983 for a supervisory defendant, the plaintiff must establish the following:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  Evidence of a supervisor's continued inaction in the face of documented widespread abuses provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates.  *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir.1984), *cert. denied*, 470 U.S. 1035 (1985).  A supervisor's mere knowledge of a subordinate's unconstitutional conduct is not enough.  Rather, Section 1983 liability may be imposed upon a supervisor only on the basis of purposeful "violations of his or her supervisory responsibilities."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Similarly, to impose liability on a supervisor for the failure to train subordinates, a plaintiff must plead and prove that:

> (1) the subordinates actually violated the plaintiff's constitutional or statutory rights; (2) the supervisor failed to train properly the subordinates thus illustrating a "deliberate indifference" to the rights of the persons with whom the subordinates come into contact; and (3) this failure to train actually caused the subordinates to violate the plaintiff's rights.

*Brown v. Mitchell*, 308 F. Supp. 2d 682, 701 (E.D. Va. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388–92 (1989)); *see also Lacy v. DeLong*, No. 2:13-CV-14813, 2018 WL 1309728, at *3 (S.D.W. Va. Mar. 13, 2018) (Johnston, C.J.).

Here, Mr. Gibbs asserts only that Defendants Ames and Frame violated his Eighth Amendment rights by "train[ing] their officers to be untrained in lack of training by beating up Plaintiff." (Am. Compl. at 4.) In his objections, the Plaintiff now appears to assert that he has satisfied the *Shaw* standard because the Defendants rehired subordinate officers who were fired for using excessive force. Liberally construing the Plaintiff's argument, he alleges that the Defendants had constructive knowledge that their subordinates were engaged in conduct posing a pervasive and unreasonable risk of constitutional injury to citizens like Mr. Gibbs and that there was a causal link between their inaction and the constitutional injury Mr. Gibbs suffered. (Pl.'s Obj. at ¶ 1.) However, even if the Court were to accept the Plaintiff's new allegations as true and liberally construe the *Amended Complaint* in light of them, the Plaintiff still fails to plead any non-conclusory facts or assert the basic elements of his claims. The Plaintiff notes in his objections that he "do[es] not know the cause of action's elements." (*Id.* at ¶ 2.) Although the Court is required to liberally construe *pro se* documents, "this requirement does not eliminate the duty of a *pro se* plaintiff to include sufficient factual allegations to support a cognizable claim." *Robinson v. Null*, No. 3:17-CV-04126, 2018 WL 1221871, at *2 (S.D.W. Va. Feb. 14, 2018), *report and recommendation adopted,* No. CV 3:17-4126, 2018 WL 1221838 (S.D.W. Va. Mar. 8, 2018) (Chambers, J.); *see also Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("Only those questions which are squarely presented to a court may properly be addressed."). Moreover, both motions to dismiss set forth the requisite elements of the Plaintiff's purported claims, and the Plaintiff failed to respond or otherwise attempt to cure the identified deficiencies. Accordingly, the Plaintiff's ignorance of the law at this stage is no excuse.

6

Therefore, the Plaintiff's objections to Judge Aboulhosn's proposed findings and recommendation granting the Defendants' motions to dismiss should be overruled.

      B.      *Pretrial Case Management*

The Court further finds that the Plaintiff's objection regarding whether the Magistrate Judge allowed him to plead sufficient facts is without merit. Mr. Gibbs argues that Judge Aboulhosn "would not allow him to" plead sufficient facts in support of his *Amended Complaint*. (Pl.'s Obj. at ¶ 2.) However, a review of the docket shows that Judge Aboulhosn provided him ample opportunity to amend the complaint and provided appropriate notice of his right to defend against dismissal.

The Plaintiff instituted this action by filing a *Complaint* on July 9, 2021. (Document 1.) He then moved to amend multiple times. (*See* Documents 9, 14, 16.) Each time, Judge Aboulhosn granted the Plaintiff leave to amend his complaint. (*See* Documents 11, 17.) Although the Plaintiff's last motion to amend (Document 19) was denied as moot (Document 20), Judge Aboulhosn later directed the Plaintiff to file yet another amended complaint (Document 30) following the Plaintiff's submission of additional documentation (*See* Documents 26–29). Each time Judge Aboulhosn granted leave to amend, he informed the Plaintiff that he must specifically set forth his constitutional claims and state specific facts as to how each defendant violated his constitutional rights in one integrated document. Moreover, Judge Aboulhosn promptly notified the Plaintiff of his right to respond to each of the Defendants' motions to dismiss when they were filed. (Documents 109, 138.) The Plaintiff was ordered to file his responses to the respective motions by June 30 and August 5, 2023. Despite filing several documents both before and after those deadlines, the Plaintiff failed to respond to the motions or otherwise move for leave to amend

and cure the alleged deficiencies. Accordingly, the Court finds no error in Judge Aboulhosn's case management, and the Plaintiff's objection that he was not permitted to plead sufficient facts should also be overruled.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Objection* (Document 158) be **OVERRULED**, that the *Proposed Findings and Recommendation* (Document 157) be **ADOPTED**, and that *Defendant Donald Ames' Motion to Dismiss Plaintiff's Amended Complaint* (Document 107) and *Defendant Jonathan Frame's Motion to Dismiss Plaintiff's Amended Complaint* (Document 133) be **GRANTED**. Further, the Court **ORDERS** that the matter be **REFERRED** to the Magistrate Judge for further proceedings as to the remaining defendants.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER:     February 6, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA