IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTWYN GIBBS,

          Plaintiff,

v.                                   CIVIL ACTION NO. 2:21-cv-00392

WARDEN DONALD AMES, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

On November 17, 2021, the Plaintiff, acting *pro se*, filed his now operative *Amended Complaint* (Document 31), wherein he alleged a wide array of constitutional violations against several defendants. By *Administrative Order* (Document 3) entered on July 11, 2021, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for total pretrial management and submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On April 18, 2024, Judge Aboulhosn submitted his *Proposed Findings and Recommendation* (PF&R) (Document 199), recommending that *Defendants Wooten, Moles and Mitchell's Motion for Summary Judgment* (Document 186) and *Defendant Rebecca Bowman's Motion for Summary Judgment* (Document 188) be granted, and that Defendant Reedy be dismissed without prejudice due to lack of service. The Plaintiff timely filed *Plaintiff's Opposition to Defendant Lt. Jason Wooten, COII Moles and Lt. Andy Mitchell's Reply in Support of their Motion for Summary Judgment* (Document 200), which includes an

Attachment further detailing objections to the PF&R (Document 200-1)[1] and an *Objection* (Document 202).[2] For the reasons stated herein, the Court finds that the objections should be overruled, and the PF&R should be adopted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth in detail the procedural and factual history surrounding the Plaintiff's petition and the resulting proceedings. The Court incorporates by reference those facts and procedural history and provides the following summary for context. The Plaintiff, Antwyn Gibbs, was an inmate at Mount Olive Correctional Complex (MOCC) during the events underlying this matter.[3] In his *Amended Complaint*, he raises numerous grievances against a number of defendants, alleging violations of multiple constitutional rights and seeking a range of relief. By Memorandum Opinion and Order entered on March 4, 2022, the Court adopted Magistrate Judge Aboulhosn's PF&R filed on February 2, 2022 (Document 39) and dismissed several of Mr. Gibbs' claims. (Document 44.) The Court referred this matter to Magistrate Judge Aboulhosn for further proceedings as to the remaining claims that (1) Defendants Ames, Frame, Bowers,[4] Mitchell, Moles, Reedy,[5] Brown, and White subjected the Plaintiff to excessive force in violation of the Eighth Amendment, (2) Defendant Mental Health Therapist Becky

---

[1] Document 200 is a surreply to Defendants Wooten, Moles, and Mitchell's reply in support of summary judgment. However, the Plaintiff added a handwritten "objection" label to the first page and a handwritten "Attachment" (Document 200-1) which appears to address matters discussed in the PF&R. The Court considers both documents herein to the extent that they raise relevant and meritorious arguments.

[2] The Court notes that this document was mailed with a duplicate copy of the Plaintiff's initial response in opposition to Defendants Wooten, Moles, and Mitchell's motion for summary judgment. (*See* Documents 197, 201.) In addition, although the envelope containing both documents is postmarked May 7, 2024, and the Plaintiff's deadline to file objections was May 6, 2024, the Court notes the proximity of these dates and assumes that the Plaintiff timely placed the documents into the prison mailing system.

[3] Mr. Gibbs was transferred to Northern Correctional Facility in or around April of 2023. (*See* Document 102.)

[4] It appears Defendant Bowers was previously referred to as Defendant Bouts.

[5] Defendant CO I Reedy was initially identified by the Plaintiff as CO I Reid.

subjected the Plaintiff to deliberate indifference in violation of the Eighth Amendment, and (3) Defendant Wooten denied the Plaintiff due process regarding the taking of his personal property. On October 6, 2023, Judge Aboulhosn submitted another PF&R (Document 157), recommending that Defendants Ames and Frame's respective motions to dismiss be granted, and that this matter be referred for disposition as to the remaining defendants.   By Memorandum Opinion and Order entered on February 6, 2024, the Court adopted Judge Aboulhosn's PF&R and referred this matter again for further proceedings.   (Document 185.)

Relevant here are the Plaintiff's remaining (1) excessive force claim as to Defendants Moles and Mitchell; (2) due process claim as to Defendant Wooten; and (3) deliberate indifference claim as to Defendant Mental Health Therapist Becky.  Specifically, the Plaintiff alleges that while he was incarcerated at MOCC, Defendants Bowers,[6] Mitchell, and Moles were involved in an incident related to the Plaintiff asking to be brought in from the recreation yard.   During the incident, the Plaintiff alleges that either Bowers or Moles slammed his head or face against a wall or window and then punched him in the eye, Moles then put him in a chokehold and took him into an office to be seen by a nurse, and all three defendants used racial slurs again him.   (*See* PF&R at 8–9.)   As to Defendant Wooten, the Plaintiff alleges that he takes items from the Plaintiff's "store call," money, and TV without due process.  (Am. Compl. at 5.)   Through discovery and briefing, the Plaintiff has narrowed his claim to Wooten's alleged withholding of a TV to which the Plaintiff claims he was entitled through his participation in MOCC's Quality of Life ("QOL" or "Q.O.L.") Program.[7]   (PF&R at 9, 27.)   Regarding Defendant Mental Health Therapist Becky,

---

6 Defendant Bowers has not moved for dismissal in any regard, and the Plaintiff's excessive force claim against him, as well as separate excessive force claims against Defendants Brown and White, remain pending.
7 The Plaintiff acknowledged that he eventually received a TV in 2022.

3

the Plaintiff complains that he was denied proper medical treatment for "a root that was cracked in his mouth" when Ms. Becky in "Mental Health" offered him mental health services in response to his filing complaints about tooth pain.  (*See* Am. Compl. at 6; PF&R at 9.)

Defendants Wooten, Moles and Mitchell, and Rebecca Bowman[8] filed their respective motions for summary judgment on February 8, 2024.  (Documents 186, 188.)  Following submission of both motions, Judge Aboulhosn notified the Plaintiff of his right to respond and the corresponding deadline.  (Document 190.)  On March 25, 2024, the Plaintiff filed his response in opposition to Defendants Wooten, Moles, and Mitchell's motion for summary judgment (Document 197).  He failed to respond to Defendant Bowman's motion.  Defendants Wooten, Moles and Mitchell timely filed their reply (Document 198) on April 3, 2024.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  When reviewing portions of the PF&R de novo, the Court will consider the fact that plaintiff is acting *pro se*, and

---

[8] Ms. Bowman indicated in her motion that the Plaintiff incorrectly named her as Mental Health Ms. Becky.

his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Defendants each sought summary judgment as to the Plaintiff's respective claims against them. Specifically, Defendants Mitchell and Moles sought summary judgment as to the Plaintiff's claim that they violated his Eighth Amendment rights by "beat[ing] him up." (Am. Compl. at 5) (Document 31.) Judge Aboulhosn recommended that summary judgment be granted, finding that the record was "completely void" of evidence that either Defendant Mitchell or Moles used excessive force against the Plaintiff during the underlying incident. (PF&R at 26) (Document 199.) Even assuming that Defendant Moles was present and placed the Plaintiff in a chokehold, Judge Aboulhosn determined that "there is no indication that a quantity of force greater than necessary was used against Plaintiff." (*Id.*)

Defendant Wooten sought summary judgment as to the Plaintiff's claim that he denied the Plaintiff due process regarding the taking of his personal property, specifically his television. (Am. Compl. at 5; *see* PF&R at 27.) Judge Aboulhosn again recommended that summary judgment be granted, finding that the record was similarly "void of any evidence that Plaintiff was eligible to receive a TV … or that such was arbitrarily withheld by Defendant Wooten." (PF&R at 30–31.) He further determined that, to the extent the Plaintiff argued that he was entitled to a certain classification with the prison program he was enrolled in, such was insufficient to establish a due process claim. (*See* PF&R at 31–32; *see also id.* at 31 n.5 (discussing the QOL Program in which the Plaintiff was enrolled at Mount Olive Correctional Complex).)

5

Finally, Defendant Bowman (or "Becky") sought summary judgment as to the Plaintiff's claim that she was deliberately indifferent to his need for treatment of "a root that was cracked in his mouth" in violation of his Eighth Amendment rights. (Am. Compl. at 6.) Specifically, the Plaintiff claims that he was denied proper medical treatment for the cracked root because Defendant Bowman in "Mental Health" claimed that the Plaintiff had a mental problem. (*See id.*) Notably, the Plaintiff did not respond to Defendant Bowman's motion. Judge Aboulhosn recommended that summary judgment be granted. Assuming for purposes of the motion that the Plaintiff's pain related to a tooth extraction and was serious enough to give rise to an Eighth Amendment claim, he determined that Defendant Bowman, a mental health provider, did not act with deliberate indifference to the Plaintiff's medical, dental, or mental health needs by offering him mental health treatment. (*See* PF&R at 39–40.) Further, to the extent that the Plaintiff's Amended Complaint could be read as asserting a claim for inappropriate medical or dental care related to his tooth, Judge Aboulhosn found that the same was addressed in a prior civil action. (*Id.* at 39 n.6.)

The Plaintiff objects to the PF&R. He appears to dispute the Magistrate Judge's summary of the evidence regarding the excessive force claims and requests additional discovery surrounding the underlying incident. (*See* Attachment at 1) (Document 201-1.) For the first time, he asserts a supervisory liability claim against Defendant Mitchell and a First Amendment violation as to Defendants Mitchell and Moles. (*See* Surreply at 2) (Document 201.) In addition, he maintains that the evidence does not conclusively show that he was not entitled to a TV.[9] (*See id.* at 3.)

---

9 Inasmuch as the Plaintiff contended in his surreply that genuine disputes of material fact preclude a finding as to qualified immunity for Defendants Wooten, Moles, and Mitchell (*see* Surreply at 3–4), the Court notes that Judge Aboulhosn did not decide the issue of qualified immunity in his PF&R, and thus the Court does not address those arguments herein.

Further, he appears to maintain that Defendant Bowman's visits regarding his tooth pain rise to a level of deliberate indifference. (*See* Attachment at 2.) He separately requests that personal service be attempted on Defendant Reedy at Mount Olive Correctional Complex. (Document 202.)

### A. *Motions for Summary Judgment*

The Court finds that the PF&R accurately summarized the facts and law, and the Plaintiff's objections are without merit. Viewing the evidence in the light most favorable to the Plaintiff, the record does not support his allegations against Defendants Wooten, Moles, Mitchell, or Bowman, and he has failed to demonstrate any genuine disputes of material fact regarding any of these defendants. Thus, summary judgment is appropriate.

As an initial matter, Mr. Gibbs appears to dispute Judge Aboulhosn's summary of the evidence regarding the excessive force claims and requests additional discovery surrounding the underlying incident. Specifically, he indicates that he "will like to know what was all said by the Nurse Autumn Blair by COI DCR staff member" and "the Medical Assessment in protocol to the rules in all incident report." (Attachment at 1.) He questions the officers involved in the incident—which include defendants other than Mitchell and Moles—could be said to have applied force in good faith "when plaintiff was in shackle[s] in hand cuffs tight on hands [and] legs." (*Id.*) He asserts that "officers was racist in didn't want to take Mr. Gibbs in when he ask nice in belittle in showed favorism toward him" as evidenced by the fact that "white inmate[s] [were] being taken in first." (*Id.*) He requests "video footage of every angle of the excessive force used camera #15112 in any other camera available to plaintiff." (*Id.*) Affording his contentions liberal construction, the Court finds that the Plaintiff's asserted factual disputes are not material to his

7

claims against Defendants Mitchell and Moles, and regardless, Judge Aboulhosn accurately applied the law to all available facts in the record in recommending summary judgment.

Regarding Defendants Mitchell and Moles, Mr. Gibbs appears to allege for the first time in his surreply that both Defendants violated his First Amendment rights. In addition, he asserts for the first time that Defendant Mitchell is liable for Eighth Amendment violations under a supervisory liability theory. As these claims are absent from the Amended Complaint and were not otherwise presented to either the Defendants or the Magistrate Judge, the Court finds that it is procedurally inappropriate to analyze them here on review of motions for summary judgment.

Regarding Defendant Wooten, Mr. Gibbs argues in his surreply that evidence of the two grievances he filed regarding access to a TV "does not establish why the plaintiff was not entitled to a T.V." (Surreply at 3.) He maintains that he "plainly deserved a T.V. because he met the Q.O.L. program requirements for receiving a T.V." and thus Defendant Wooten violated his due process rights by "depriving him of the T.V. without justifiable cause or reason." (*Id.* at 3–4.) The Court finds that the PF&R adequately addressed the Plaintiff's arguments in this regard and finds no error in Judge Aboulhosn's conclusions that the Plaintiff was ineligible to receive a TV and that, regardless, there is no evidence to suggest Defendant Wooten violated the Plaintiff's due process rights by not providing him one. As Judge Aboulhosn noted, the Plaintiff was advised in response to his first grievance that he was ineligible to receive a TV through the facility's QOL Program because he had not advanced sufficiently far enough in the program. (PF&R at 16.) Likewise, in response to the Plaintiff's second grievance, he was further advised that he was not progressing in the QOL Program because he had failed to comply with the Program's rules, namely that he complete a required educational packet. (*Id.* at 17.) Accordingly, the Plaintiff cannot be

arbitrarily deprived of property to which he was not entitled. The Plaintiff contends Defendant Wooten was required to present "educational and/or disciplinary records" instead of the two grievances and related responses to show the Plaintiff was not entitled to a TV. However, even assuming that the Plaintiff was entitled to a TV, the Court finds that Judge Aboulhosn appropriately concluded that "[p]rison staff's failure to follow their own policies or procedures, standing alone, does not amount to a constitutional violation." (*Id.* at 31 (collecting cases).)

Finally, regarding Defendant Bowman, Mr. Gibbs appears to argue that Judge Aboulhosn erred in finding that Defendant Bowman was not deliberately indifferent to his mental health, medical, or dental needs. (*See* Attachment at 2.) Specifically, he continues to question "why did Defendant Rebecca Bowman come see plaintiff about his tooth issues when she is a mental health worker as Defendant Rebecca Bowman ask to see Defendant painful tooth." (*Id.*) He contends it "[s]eem to Plaintiff that he have to take mental health just to get medical care as Plaintiff was never offer mental health care." (*Id.*)

As Judge Aboulhosn noted, an Eighth Amendment claim for deliberate indifference to serious medical needs includes objective and subjective elements. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). The objective element requires a "serious" medical condition. *Id.* A medical condition is objectively serious when it either is "diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)). As to the subjective element, the prison official must have acted with a "sufficiently culpable state of mind," that is, deliberate indifference "to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference

9

requires that the official "had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Jackson*, 775 F.3d at 178. The Fourth Circuit has held that to constitute deliberate indifference, a health care provider's treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. 825 (1994).

Assuming as Judge Aboulhosn did that the Plaintiff's tooth pain rose to the level of an objectively serious medical condition, he fails to demonstrate a genuine dispute of fact regarding whether Defendant Bowman acted with deliberate indifference by offering him mental health treatment. As Judge Aboulhosn noted, it is undisputed that Defendant Bowman was not a medical provider and thus was not qualified to evaluate or treat the Plaintiff's medical or dental condition. Liberally construing the Plaintiff's claim, he alleges Defendant Bowman acted with deliberate indifference by offering him mental health treatment when he had only submitted complaints for tooth pain. Indeed, he considered her actions as "harassment." (PF&R at 39.) However, even viewing the evidence in the light most favorable to the Plaintiff, he fails to establish that Defendant Bowman's actions rose to the level of deliberate indifference. Although Defendant Bowman may have had "actual subjective knowledge" of the Plaintiff's tooth pain, she was only qualified to offer him mental health treatment and thus it cannot be said that she also had subjective knowledge of any "excessive risk" posed by her offering the Plaintiff mental health services. *See Jackson*, 775 F.3d at 178. Moreover, as Judge Aboulhosn determined, the Plaintiff's "disagreement with his medical care or the course of treatment is insufficient to support a deliberate indifference claim, and questions of medical judgment are not subject to judicial review." (PF&R at 40 (collecting

10

cases).) Accordingly, the Plaintiff's objections concerning the Defendants' motions for summary judgment should be overruled.

### B. *Defendant Reedy*

The Court further finds that the Plaintiff's objection regarding service of Defendant COI David Reedy is without merit. Mr. Gibbs represents that at some point in time he talked to, and perhaps signed a contract with, attorney Paul Stroebel, Sr.,[10] who informed the Plaintiff that Defendant Reedy works at Mount Olive Correctional Complex. Accordingly, the Plaintiff requests that service be made upon Defendant Reedy at Mount Olive. However, it is unclear whether this information is current. Indeed, as referenced by Judge Aboulhosn, a review of the docket shows that the United States Marshals Service attempted unsuccessfully to effect personal service on Defendant Reedy at Mount Olive on June 2, 2023, at which time it was noted that he no longer worked there. (Document 115.) Accordingly, the Court finds that the Plaintiff has failed to provide the Court with any updated identifying information or address for service of process concerning Defendant Reedy. Thus, to the extent the Plaintiff's request regarding service may be considered an objection to dismissal of Defendant Reedy, it should also be overruled.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Objections* (Documents 200, 200-1, 202) be **OVERRULED**, that the *Proposed Findings and Recommendation* (Document 199) be **ADOPTED**, and that *Defendants Wooten, Moles and Mitchell's Motion for Summary Judgment* (Document 186) and *Defendant Rebecca*

---

[10] There is no indication that Mr. Stroebel has ever represented the Plaintiff in this matter.

*Bowman's Motion for Summary Judgment* (Document 188) be **GRANTED**. Further, the Court **ORDERS** that Defendant Reedy be **DISMISSED** without prejudice due to lack of service.

The Court notes that the Plaintiff's excessive force claims against Defendants Bowers, Brown, and White remain pending.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:    August 9, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA